IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LUELLA FLOREZ, on behalf of    )
ALFREDO FLOREZ,                )
                               )
          Plaintiff,           )    No. 05 C 5429
                               )
          v.                   )    Judge Marvin E. Aspen
                               )
OFFICER J. O'CONNOR #11380,    )    Magistrate Judge Arlander Keys
OFFICER K. SCHUCK #8937,       )
SERGEANT MUTH #1192, COMMANDER)
SCHMITZ #554, SERGEANT ZENERE )
#2382 and the CITY OF CHICAGO,)
                               )
          Defendants.          )

**MEMORANDUM OPINION AND ORDER**

On August 25, 2005, Alfredo Florez was stopped by police

near 53rd and Aberdeen in Chicago. During the course of that

encounter, Mr. Florez, who is mentally retarded, was tasered and

punched, though he was never charged with any crime. His mother

filed a lawsuit on his behalf, alleging that the police officers

who stopped him used excessive force against him. The City of

Chicago's Office of Professional Standards is investigating the

incident, and the plaintiff, as part of discovery in this case,

has asked the City to produce the internal investigation file.

The City has resisted production, arguing that the file is

privileged, and that, given the law enforcement investigatory

privilege, production is appropriate, if at all, only after OPS'

investigation is concluded. In particular, the City argues that

"[m]aking OPS's ongoing investigatory files subject to premature

production will create unfair and undue practical burdens on OPS"
and would "improperly interfere with the investigation."
Response to Plaintiff's Motion to Compel, p. 7.

The purpose of the law enforcement investigatory privilege
is "to prevent 'the harm to law enforcement efforts which may
arise from public disclosure of . . . . investigative files.'"
Lewis v. City of Chicago, No. 04 C 3904, 2004 WL 2608302, at *1
(N.D. Ill. Nov. 16, 2004)(quoting Hernandez v. Longini, No. 96 C
6203, 1997 WL 754041, *3 (N.D. Ill. Nov. 13, 1997)). The
privilege "preserves the integrity of law enforcement techniques
and confidential sources, protects witnesses and law enforcement
personnel, safeguards the privacy of individuals under
investigation and prevents interference with the investigation."
Doe v. Hudgins, 175 F.R.D. 511, 514 (N.D. Ill. 1997). After
reviewing the complaint register in camera, the Court finds that
none of these goals is furthered here.

The complaint register relating to the Florez' incident,
complaint register number 307982, contains, in its entirety, the
following documents:

(1) copies of the Complaint and Amended Complaint filed in
this lawsuit;

(2) a completed Complaint form taken from Gregory Hulbert
noting the incident involving Mr. Florez and listing several
other witnesses to the incident;

(3) completed witness statement forms documenting statements taken from Lois Jenkins, Kenneth Haire, Derotha Bultes, Fredrick Woods, Barbara Mayes, Marie Spain, and Parrish Roberson;

(4) completed Citizen Interview Report forms documenting information taken from Gregory Hulbert and Alfred Lewis;

(5) various official police forms, including a conflict certification form completed by the OPS investigator; documents regarding attempts to schedule appointments with Mr. Hulbert and the other witnesses identified in his Complaint form (including letters requesting interviews and mailing receipts for those letters); Tactical Response Report forms completed by the officers involved in the encounter with Mr. Florez; an Officer's Battery Report showing that Mr. Florez reportedly bit and hit an officer; an offense report; memos from the other police officers present; a report documenting Officer O'Connor's injury on duty; documents regarding the discharge of the taser gun used in the incident and the log sheet for the equipment; dispatch transcripts; a request for evidence identification photographs of the scene where Mr. Florez was tased; and an Attendance & Assignment Record for August 25, 2005;

(6) a letter from OPS to Mr. Horwitz, requesting permission to speak with his client, Mr. Florez, and a memo documenting a conversation with a paralegal in Mr. Horwitz' office; and

(7) copies of various photographs (eight of the photos show

3

an unidentified black male with a tagline suggesting they were taken January 13, 2005 in C.R. 307987; either this is some sort of clerical mistake or these photos have nothing to do with Mr. Florez' incident, which occurred on August 25, 2005 and was given C.R. number 307982; five of the other photos show the front porch of a residence with address number 5350 that bear the same seemingly unrelated tagline).

Given the contents of the file, it is difficult to imagine why the City opposes production in the first place, and it is harder still to imagine why the City thinks the documents are protected from disclosure by the privilege. Unless the Court is missing something, there are no issues concerning witness confidentiality; there are no issues concerning any criminal investigation (the City has given the Court no reason to think that any criminal proceedings have sprung or are likely to spring from this investigation); there are no novel investigatory techniques at issue here. In fact, the only documents that contain anything of any substance are those reflecting the witnesses' and the officers' statements of what they saw happen during the encounter between Mr. Florez and the police. And those documents contain merely factual recitations from witnesses already known to the plaintiff; they do not reflect anyone's impressions concerning the parties' behavior and they do not reveal the identity of any informant or secret witness. The

4

Court is puzzled as to how production of any of the above would compromise OPS' investigation or otherwise burden OPS. And the City has not seen fit to explain its contention that this result would ensue. As the party asserting the privilege, the City has the burden of justifying its application here, *see, e.g., Hudgins*, 175 F.R.D. at 514-15, and it has fallen far short of that task. Rather than articulating specific reasons for why specific documents should be protected, the City seems to have taken the stance that production should be barred simply because an internal investigation is ongoing. That stance finds no support in the law, and the plaintiff's motion to compel production of the complaint register [#33] is, therefore, granted.

Dated: May 11, 2006

ENTER:

ARLANDER KEYS
United States Magistrate Judge