IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUELLA FLOREZ, on behalf of ALFREDO FLOREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER J. O'CONNOR #11380, OFFICER K. SCHUCK #8937, SERGEANT MUTH #1192, COMMANDER SCHMITZ #554, SERGEANT ZENEZE #2382, LORENZO COLUCCI, STEVEN INSLEY, DAVID BIRD, LAWRENCE RAEHL, NICK ZATTAIR, TARAS ANDRUSKHKO, JOHN COUGHLIN, PAMELA DAVIS, DAVID BROWN, MICHELL ROBERTS, MATTHEW DARLING, STEVEN KAPUT, JOHNATHON GULA and the CITY OF CHICAGO,<br><br>    Defendants. | No. 05 C 5429<br><br>JUDGE ASPEN<br>MAGISTRATE JUDGE KEYS |

## THIRD AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, LUELLA FLOREZ, on behalf of ALFREDO FLOREZ, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER J. O'CONNOR #11380, OFFICER K. SCHUCK #8937, SERGEANT MUTH #1192, COMMANDER SCHMITZ #554, SERGEANT ZENEZE #2382, LORENZO COLUCCI, STEVEN INSLEY, DAVID BIRD, LAWRENCE RAEHL, NICK ZATTAIR, TARAS ANDRUSKHKO, JOHN COUGHLIN, PAMELA DAVIS, DAVID BROWN, MICHELL ROBERTS, MATTHEW DARLING, STEVEN KAPUT, JOHNATHON GULA (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO:

1

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. Plaintiffs, LUELLA FLOREZ and ALFREDO FLOREZ, are residents of the County of Cook and the State of Illinois, and citizens of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto officers of the Chicago Police Department.

4. On or about August 25, 2005, the DEFENDANT OFFICERS arrested and beat the Plaintiff ALFREDO FLOREZ, a mentally retarded man, and tasered him on multiple occasions in full view of his neighbors, including a reverend. DEFENDANT OFFICERS handcuffed Plaintiff ALFREDO FLOREZ and placed him in police custody to transport him to the hospital. The OFFICERS did not charge MR. FLOREZ with the commission of a criminal offense. This conduct constituted an unreasonable seizure of the Plaintiff ALFREDO FLOREZ in violation of the Fourth Amendment to the United States Constitution.

5. On or about August 25, 2005, the Plaintiff ALFREDO FLOREZ did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

6. The use of force initiated by the DEFENDANT OFFICERS and the failure to intervene in the use of said force, caused an excessive amount of force to be inflicted onto the body of the Plaintiff ALFREDO FLOREZ. Said force was unreasonable and unnecessary.

7. The Plaintiff, ALFREDO FLOREZ, was seized by the DEFENDANT OFFICERS notwithstanding the fact that the Plaintiff, ALFREDO FLOREZ, on said day, had not

committed an act contrary to the laws of the State of Illinois. Further, the DEFENDANT OFFICERS failed to witness the Plaintiff, ALFREDO FLOREZ, commit an illegal act of any sort. The DEFENDANT OFFICERS lacked probable cause to stop ALFREDO FLOREZ at any time.

8. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, Plaintiff was caused to suffer serious and permanent personal injury, pain, suffering and mental anguish both now and in the future.

9. On or about August 25, 2005, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and duly appointed and were sworn police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

10. Also, the DEFENDANT OFFICERS conspired to injure the Plaintiff ALFREDO FLOREZ by:
    a. agreeing not to report each other after witnessing him being beaten;
    b. collectively beating and/or failing to intervene in the beating;
    c. generating false documentation to cover-up for their own misconduct.

11. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiff's arrest, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused the Plaintiff ALFREDO FLOREZ to be subjected to excessive force and arrested.

12. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions in connection with excessive force:

    a. police officers for the CITY OF CHICAGO generate false documentation to cover-up for the misconduct of fellow police officers.

    b. police officers for the CITY OF CHICAGO engage in acts of excessive force with innocent civilians.

    c. supervisory officers from the CITY OF CHICAGO fail to properly discipline officers from said police department that have committed an act of excessive force and/or false arrest upon another;

    d. supervisory officers from the CITY OF CHICAGO fail to properly investigate a complaint of excessive force, perpetrated by a police officer, upon another;

13. Supervisory individuals from the CITY OF CHICAGO fail to take proper remedial action against a police officer once it is determined that an act of excessive force has been committed by said officer, upon another. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO in order to permit said conduct to re-occur.

14. A code of silence exists, between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct).

15. The actions of the DEFENDANT OFFICERS in engaging in the above-referenced cover-up demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws

equally and fairly against the Plaintiff, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

16. In connection with the Equal Protection Claim, the Plaintiff is a member of a protected class (that being, a mentally disabled man as well as a potential plaintiff to a cause of action). Plaintiff was treated differently as a result of his class status. First, given his mental handicap, the DEFENDANT OFFICER treated him with complete disregard for his safety and abusing him further, knowing that he is without the means to properly explain Defendants' misconduct. Second, given Plaintiff's (ALFREDO FLOREZ) status as a claimant against the DEFENDANT OFFICERS, the officer have attempted to cover-up their conduct and fail to report their own misbehavior to the authorities.

17. The DEFENDANT OFFICERS acted with discriminatory intent by treating the Plaintiff differently, specifically due to his status as a person who is mentally retarded, who was involved in an incident and who was a victim of excessive force and/or other police misconduct with the DEFENDANT OFFICERS. Further, Plaintiff was similarly situated to other individuals involved in incidents with police officers that were not the victims of excessive force and/or mentally retarded.

18. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## COUNT I
### §1983 Excessive Force

19. Plaintiff(s) re-allege paragraphs 1 - 18 as though fully set forth herein.

20. The actions of the DEFENDANT OFFICERS amount to an excessive use of force onto the Plaintiff ALFREDO FLOREZ.  This conduct violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

21. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff(s) demands compensatory damages, jointly and severally, from the DEFENDANT OFFICERS.  Plaintiffs also demand punitive damages, costs and attorney's fees against said Defendants.  Plaintiff(s) also demand whatever additional relief this Court deems equitable and just.

## COUNT II
### Battery – State Claim

22. Plaintiff(s) re-allege paragraphs 1 - 18 as though fully set forth herein.

23. The DEFENDANT OFFICERS struck and tasered the Plaintiff ALFREDO FLOREZ intentionally, without consent and without justification.

24. The DEFENDANT OFFICERS' conduct was in violation of Illinois Law.

25. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, Plaintiff(s) demand compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and costs.  Plaintiff(s) also demand whatever additional relief this Court deems equitable and just.

## COUNT III – *Monell*

26. Plaintiff(s) re-allege paragraphs 1 - 18 as though fully set forth herein.

WHEREFORE, Plaintiff(s) demand compensatory damages against the CITY OF CHICAGO, costs and attorney's fees. Plaintiffs LUELLA FLOREZ and ALFREDO FLOREZ also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

27. Plaintiff(s) re-allege paragraphs 1 - 18 as though fully set forth herein.

28. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

29. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the .

WHEREFORE, should DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff(s) demand that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay them any judgment obtained against said DEFENDANT OFFICERS as a result of this complaint.

## COUNT V
## Supplementary Claim for *Respondeat Superior*

30. Plaintiff(s) re-allege paragraphs 1 - 18 as though fully set forth herein.

31. The aforesaid acts of the DEFENDANT OFFICERS was in the scope of their employment and therefore the Defendant CITY OF CHICAGO as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff(s) demand judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## COUNT VI
### § 1983 Conspiracy Claim

32. Plaintiff(s) re-allege paragraphs 1 - 18 as though fully set forth herein.

33. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the laws set forth in the United States Constitution, inter alia the Fourth and Fourteenth Amendment.

WHEREFORE, Plaintiff(s) demand compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiff(s) also demand whatever additional relief this Court deems equitable and just.

## COUNT VII
### Conspiracy Claim – State Law

34. Plaintiff(s) re-allege paragraphs 1 - 18 as though fully set forth herein.

35. The aforementioned actions were the direct and proximate cause of the violations of the laws set forth in the Constitution of the State of Illinois.

WHEREFORE, Plaintiff(s) demand compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### Equal Protection

36. Plaintiff(s) re-allege paragraphs 1 - 18 as though fully set forth herein.

37. The actions of THE DEFENDANT OFFICRS violate the Equal Protection clause to the United States Constitution.

38. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff(s) demand compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiff(s) also demand whatever additional relief this Court deems equitable and just.

Plaintiffs Demand Trial by Jury.

>Respectfully Submitted.
>
>s/ Amanda S. Yarusso
>Attorney for the Plaintiff,
>Amanda S. Yarusso, Esq.

**THE LAW OFFICES OF BLAKE HORWITZ, LTD**
Blake Horwitz, Esq.
Amanda Yarusso, Esq.
Tali Albukerk, Esq.
155 N. Michigan, Suite 714
Chicago, IL  60601
312-616-4433
312-565-7173 (Fax)